UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 16-10089-RGS

UNITED STATES OF AMERICA

v.

NATHAN PINHO

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA

April 20, 2017

STEARNS, D.J.

Before the court is defendant Nathan Pinho's motion to withdraw his guilty plea to two counts of an indictment charging conspiracy to distribute heroin (Count I) and possession of heroin with the intent to distribute (Count XI) entered after a Rule 11 hearing on October 27, 2016.

> Although a motion to withdraw a guilty plea before sentencing is determined under a less stringent standard than a motion made after sentencing . . . , a defendant does not have an automatic right to withdraw his plea even at that comparatively early stage. Rather, such a motion can be granted before sentencing only upon an affirmative showing of a "fair and just reason." Fed. R. Crim. P. 32(d) [now Rule 11(d)(2)(B)]. The devoir of persuasion as to the existence of such a reason rests with the defendant. To gauge whether the asserted ground for withdrawal meets the Rule 32(d) standard, a court must look at the overall situation, most prominently (1) the plausibility of the reasons prompting the requested change of plea; (2) the timing of the defendant's motion; (3) the existence or nonexistence of an assertion of innocence; and (4) whether, when viewed in light of emergent circumstances, the defendant's plea appropriately may be characterized as involuntary, in derogation of the requirements

> imposed by Fed. R. Crim. P. 11, or otherwise legally suspect. And there is a final barrier that must be surmounted: even if a defendant appears at first blush to meet the strictures of this four-part test, the *nisi prius* court still must evaluate the proposed plea withdrawal in relation to any demonstrable prejudice that will accrue to the government if the defendant is permitted to alter his stance.

*United States v. Parrilla-Tirado*, 22 F.3d 368, 371 (1st Cir. 1994) (footnote and internal case citations omitted).

Among the least favored grounds for seeking to withdraw a plea of guilty is a defendant's miscalculation of the sentencing benefits that he hopes will accrue from his decision to plead guilty, particularly when the decision to enter a plea smacks of a tactical "testing of the waters." *See United States v. Gonzalez-Vazquez*, 34 F.3d 19, 22 (1st Cir. 1994) (a defendant's misapprehension of the range of sentence likely to be imposed is not a fair and just reason for withdrawing a guilty plea); *see also United States v. Aker*, 181 F.3d 167 (1st Cir. 1999) (same, defendant's guidelines miscalculations); *United States v. De Alba Pagan*, 33 F.3d 125, 127 (1st Cir. 1994) ("In short, a defendant's lament that he misjudged the consequences of his guilty plea, without more, is not a fair and just reason for setting the plea aside."); *Parrilla-Tirado*, 22 F.3d at 371 (mere "second thoughts about some fact or point of law, or about the wisdom of his earlier decision").

Timing also matters.  "While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses."  *United States v. Doyle*, 981 F.2d 591, 594 (1st Cir. 1992) (rejecting a plea withdrawal request made seven months after the plea); *see also United States v. Isom*, 85 F.3d 831, 838-839 (1st Cir. 1996) (two months, "the more a request is delayed – even if made before sentence is imposed – the more we will regard it with disfavor."); *Parilla-Tirado*, 22 F.3d at 373 (six months, "[t]he rule of thumb is that the longer a defendant waits before moving to withdraw his plea, the more potency his motion must have in order to gain favorable consideration."); *United States v. Crosby*, 714 F.2d 185, 192 (1st Cir. 1983) (eight weeks); *United States v. Keefe*, 621 F.2d 17, 18 (1st Cir. 1980) (three weeks).

On both these grounds, Pinho's motion fails.[1]  In the first instance, Pinho waited three months to indicate by a letter to the court his desire to

---

[1] As to the remaining three *Parillo-Tirado* factors, there is no claim by Pinho of actual innocence or structural failure in the conduct of the essential elements of the Rule 11 proceeding with one possible exception.  Whether the colloquy was sufficient on the factual basis of the pleas to Count XI (the possession of heroin count) is reasonably open to question, but as the government aptly notes, the conviction on that Count has no bearing on the GSR calculation and therefore the recommended sentence.  The government, for its part, does not claim any exceptional prejudice beyond the usual demands of trial preparation.

withdraw his plea. The letter was sent only after the Probation Department issued the draft of the Pre-Sentence Report. The draft PSR calculated a GSR higher (46 to 57 months) than his counsel had predicted at the plea hearing (37 to 46 months) based on a Criminal History Category of IV as opposed to what counsel thought might be a Category III. The argument now advanced by Pinho that he mistakenly believed that the government had agreed to a sentence recommendation of no more than 37 months is belied by the transcript of the plea proceeding. During that proceeding there was extensive discussion by counsel of the potential disagreements over the anticipated GSR and a clear explanation from the court that it could only resolve these differences after the PSR was prepared and a sentencing hearing was convened. As the final coup-de-grace on this claim, Pinho at the end of the colloquy acknowledged in response to a direct question from the court that no secret promises had been made to induce the guilty plea.

## ORDER

For the foregoing reasons, the motion to withdraw the guilty plea as to Count I is <u>DENIED</u>. The court recommends that the government seek leave to dismiss Count XI in conjunction with the sentencing. *See supra* note 1. The Clerk will schedule a sentencing hearing on Count I at the first practical opportunity.

4

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE